

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-3044
Re: (1) The kind of newspaper
in which the quarterly
report, provided for in
Art. 1656, R.C.S., is re-
quired to be published;
(2) The necessity of re-
quiring bids for such
publication.

We have received your written request for an opinion
on the propositions, hereinafter stated, from which written
request we quote:

"Article 1656 of the Revised Civil
statutes, with reference to the quarterly
report, requires that 'the same shall be
published in some newspaper published in
the county, if there be a newspaper pub-
lished in the county, for one time'.

"In Harrison County, Texas, there
are three newspapers, - one a daily news-
paper with a circulation which practically
covers the county, the other two are weekly
newspapers, one being published in Marshall
and having a circulation mostly within the
city limits of Marshall, the other being
published in the town of Hallsville, Harri-
son County, Texas, and having a circulation
principally within the vicinity of five or
six miles of Hallsville.

"There are two questions which I would
appreciate having answered by your depart-
ment. First, may the quarterly report which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

is required to be published by Article 1636
be published in any one of these three news-
papers? In other words, I would like to know
whether or not the limited circulation of the
two weekly papers would prevent publishing
this report in either one of them. Secondly,
if it is your opinion that the quarterly re-
port may be published in any one of the three
papers mentioned above, is it necessary to
secure bids upon publishing this report and
to award the same to the lowest bidder."

Article 1636 of the Revised Civil Statutes, 1925,
provides as follows:

"When the commissioners court has compared
and examined the quarterly report of the treas-
urer, and found the same correct, it shall cause
an order to be entered upon the minutes of the
court, stating the approval thereof, and recit-
ing separately the amount received and paid out
of each fund by the treasurer since the preced-
ing treasurer's quarterly report, and the bal-
ance of such fund, if any, remaining in the
treasurer's hands and the court shall cause
the proper credit to be made in the accounts
of the treasurer, in accordance with said order.
Said court shall actually inspect and count all
the actual cash and assets in the hands of the
treasurer belonging to the county at the time
of the examination of his said report. Prior
to the adjournment of each regular term of the
court, the county judge and each commissioner
shall make affidavit that the requirements of
this article have been in all things fully
complied with by them at said term of said
court, and that the cash and other assets men-
tioned in said county treasurer's quarterly
report made by said treasurer to said court,
and held by him for the county, have been
fully inspected and counted by them giving
the amount of said money and other assets in
his hands. Such affidavits shall be filed
with the county clerk and recorded in the
minutes of said court the term at which the
same were filed; and the same shall be pub-
lished in some newspaper published in the coun-
ty if there be a newspaper published in the
county, for one time."

It will be noted that the statute, quoted above, uses broad and unrestrictive language with regard to "some newspaper published in the county, if there be a newspaper published in the county, for one time."

A definition of a newspaper is given in 30 Tex. Jur. 914 as follows:

"A newspaper, in the ordinary meaning of the word, is a publication appearing at regular, or almost regular, intervals, at short periods of time, as daily or weekly, usually sheet form, and containing news, that is reports of happenings of recent occurance of a varied character, such as political, social, moral, religious and other subjects of a similar nature, local or foreign, intended for the information of the general reader."

The fact that a publication has only limited circulation does not prevent it from being a newspaper; and even though it has no subscription list, if it is regularly sold generally on the streets of a city it may be regarded as a newspaper. Times Printing Co. v. Star Publishing Co., 51 Wash. 667, 99 P. 1040; 20 R. C. L. 202. What constitutes a newspaper as that word is used to designate a medium through which to give public or official notices, is a question of law; but the question whether a publication is a newspaper as defined by the courts is ordinarily one of fact to be submitted to the jury. Hurt v. Cooper, 63 Tex. 362, Meyer v. Opperman, 76 Tex. 105, 13 S. W. 174.

In answer to your first question, it is our opinion, that under the provisions of Article 1636, and the authorities cited above, the quarterly report, provided for in said statute and referred to in your request, can be published in any one of the three newspapers published in Harrison County.

With regard to the necessity of obtaining bids, we do not believe that publishing the quarterly report contemplated under Article 1636, comes within the provisions of Articles 1658, 1659. Neither do we believe that it comes within Articles 2359, 2360, 2362, or 2368-a. It is our opinion that the cost of publishing such report is governed by the provisions of Article 29-a of the Revised Civil Statutes, 1925, as amended, which we quote in part as follows:

Honorable Charles R. Martin, Page 4

"For the purpose of this Act the word 'Publication' shall mean any proclamation, publication, notice, citation, advertisement or matter required or authorized by law to be printed in a newspaper or newspapers which the law directs shall be inserted or caused to be inserted in such newspaper or newspapers by any institution, board, commission, department, officer, agent, representative or employee of the State or of any subdivision or department of the State, or of any county, political subdivision, or district, whether to be paid for out of public funds or charged as costs or fees. (Acts 1925, p. 372.) (39th Leg., ch. 161)

"The officer, agency or person charged with the duty of so inserting such publication shall select the newspaper or newspapers, in which same is to be inserted, and the charge for such publication shall not exceed the lowest rate accorded classified advertisers. Before any newspaper of this State shall be authorized to publish legal advertising of any character, such newspaper shall file with such officer, agency or person charged with the duty of so inserting such publication, a schedule or (of) rates then charged by such newspaper for classified advertising and shall make such additional proof of rates charged as may be required by the officer, agency or person inserting such publication.

"* * *.

"It is the purpose of this Act to provide a legal rate of charge for publications aforesaid regardless of the source of the fund out of which it is to be paid or the purpose of such publications, whether herein mentioned or not, and according to all laws, special or general. * * *."

See also Schlittler v. King, 61 S. W. (2d) 548, (error dismissed).

Honorable Charles R. Martin, Page 5

You are, therefore, advised in answer to your second question that it is not necessary to obtain bids, to publish the quarterly report contemplated in Article 1636 and award the contract to the lowest bidder.

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:RS

